■ In the Matter of FRANK P. DE LUCA, Appellant, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered August 21, 1973 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for a judgment setting aside a decision of the Comptroller of the State of New York as head of the New York State Employees' Association. The relevant facts are not in dispute. Petitioner first entered public service as a Town Justice in the Town of Huntington, Suffolk County, on January 1, 1960. Thereafter, he became a member of the New York State Employees' Retirement System. On January 1, 1964 he became a District Court Judge in Suffolk County and served in this capacity until January 1, 1971 when he assumed the office of State Supreme Court Justice in the Tenth Judicial District. Both the Town of Huntington and the County of Suffolk are "Participating employer[s]" in the Retirement System (Retirement and Social Security Law, § 2, subd. 20). By the terms of subdivision k of section 41 of the Retirement and Social Security Law, credit for certain World War II service may be purchased by a member in the employ of the State as of March 31, 1970. The State is defined in said law as "The state of New York" (Retirement and Social Security Law, § 2, subd 33). Section 41 (subd k, par 2) specifies the manner of purchase of this retirement credit for members already in State employ. It requires that the total amount covering the cost of this military credit be deposited by the purchaser prior to March 31, 1971, with an option to make time payments commencing no later than this date. Paragraph 3 allows a member who enters or reenters State employ on or after April 1, 1972 to have one year from the date of his entry or reentry to make the specified payments. In all cases of State employees, the salary base to determine the cost of obtaining

the credit is to be determined by the annual rate of compensation at the time of entry or reentry into State service, whichever would result in the greater contribution. At the same legislative session and effective the same day as subdivision k of section 41, section 33 of the Retirement and Social Security Act was added allowing participating employers other than the State to elect to provide for their employees any of the benefits allowed to State employees under subdivision k of section 41. The Town of Huntington never adopted the resolution authorized by section 33. Suffolk County enacted such a resolution under section 33 which became effective on December 14, 1970. On January 12, 1971, the petitioner filed a formal application with the Retirement System requesting that a determination be made of the cost to him of purchasing military service credit in the retirement system. On May 7, 1971, he was advised that the cost would be $27,304.68. This cost was based upon his salary of $40,833 as a Supreme Court Justice. The question presented is whether the respondent was justified in determining that the cost to petitioner of purchasing these military service retirement credits should be based upon his $40,833 salary as a Supreme Court Justice rather than upon his $9,000 salary, when he became a member of the retirement system, as a Town Justice of Huntington or upon his $17,500 salary as a District Court Justice for Suffolk County. Throughout the Retirement and Social Security Law, there is a clear distinction between State employees and employees of participating employers. Subdivision k of section 41 grants only to members in the employ, or who will be in the employ, of the State the opportunity to purchase past military service credit. Those in the employ of a participating employer only became eligible to receive the benefits of subdivision k of section 41 if the employer enacted the appropriate enabling resolution as then provided for by section 33. (A subsequent amendment to section 33 has eliminated the option allowing participating employers to confer subdivision k of section 41 benefits upon their employees [L. 1973, ch. 382, § 18].) Petitioner was not an employee of either the Town of Huntington or of Suffolk County at the time he applied for military service retirement credits. He was in the direct employ of the State of New York as an elected Supreme Court Justice. Under the clear language of subdivision k of section 41 of the Retirement and Social Security Law, the cost to the petitioner of purchasing such credit must be based upon his annual rate of compensation upon his entry into State service and not upon his initial salary as an employee of a participating employer (see *Matter of Bodnar v Levitt,* 77 Misc 2d 46). The determination of the Comptroller was neither arbitrary or capricious. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Main and Larkin, JJ., concur; Kane, J., not taking part.